## Nationwide Mutual Insurance Company v. Krasinski

*Joseph J. Bernstein*, for plaintiff.
*John R. Carfley*, for defendant.

REILLY, *P.J.*, March 8, 1982 — This matter comes before the court upon a petition to set aside execution. From the record, it appears that on or about August 10, 1979, judgment was entered in favor of plaintiff above-named against petitioner defendant above-named in the principal amount of $840 which, together with interest, costs, etc., resulted in a total debt payable in the amount of $955.85. On or about November 15, 1979, a writ of execution was issued to the Sheriff of Clearfield County upon praecipe by plaintiff above-named, and acting thereon, said sheriff levied upon the following property of defendant: One Scamper Pop-up Trailer, One Honda Motorcycle, 350 cc., One Living Room Suite, One Westinghouse Washing Machine.

On or about March 13, 1981, the sheriff held a sale and sold to a bidder the Scamper Pop-up trailer and the motorcycle for the sum of ten dollars plus costs. One bidder appeared. At some point prior to said sale, plaintiff released the living room suite from the levy. On March 13, 1981, plaintiff filed a second praecipe for writ of execution, as a result of which the Sheriff of Clearfield County levied upon one 1977 Mack triaxle truck. It is this second execution proceeding to which defendant above-named objects and seeks relief under Pa.R.C.P. 3121(d).

It is the position of defendant petitioner that this court, under Pa.R.C.P. 3121(d) may set aside the levy upon any legal or equitable ground therefor and claims that such should be done in the instant case for the reason that the motorcycle and the camper were sold for ten dollars over the sheriff's costs. The costs alluded to were $91.84 and

therefore, the sale was made for $101.84. This court agrees with the citation in petitioner's brief of Proctor and Schwartz, Inc. v. Washington Market, Inc., 51 Del. Co. 324 (1963), wherein that court construed equitable grounds to be equivalent to fairness and financial feasibility, and further, petitioner's statement that where there is such a gross inadequacy of price as to shock the understanding and conscience of the court, the execution must be set aside.

However, in this case, there is nothing presently before this court upon which a value can be ascribed to either the camper or the motorcycle. There is nothing to indicate the age of either of the items or the condition they were in at the time of sale. It is conceivable that the bid price of $101.84 exceeded the value of both items and this court therefore is not about to state that the sale shocks its understanding and conscience.

It is quite possible that the sale price was grossly inadequate but without further information with respect to the value of the items sold, such determination cannot here be made. This court is also satisfied that by releasing the living room suite and the washing machine from operation of the levy, plaintiff above-named did not preclude itself from further proceedings. That portion of standard Pennsylvania practice referred to in plaintiff's brief appears to this court to determine the issue.

Wherefore, the court enters the following

## ORDER

Now, March 8, 1982, upon consideration of defendant above-named's petition to set aside execution, it is the order of this court that said petition be and is hereby dismissed.